Roy G. Springer
NAME

**AT4205**
PRISON IDENTIFICATION BOOKING NO.

**P.O. Box 608**
ADDRESS OR PLACE OF CONFINEMENT

Tehachapi, CA 93581
Note:    It is your responsibility to notify the Clerk of Court in writing of any
         change of address. If represented by an attorney, provide his or her
         name, address, telephone and facsimile numbers, and e-mail address.

FILED
CLERK, U.S. DISTRICT COURT

OCT 20 2021

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Fee Due

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER: RIF1302409

ROY G. SPRINGER
FULL NAME (Include name under which you were convicted)

                                        Petitioner,

v.

BRIAN CATES
NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

                                        Respondent.

ED CV 21-1784-FLA (MRW)
To be supplied by the Clerk of the United States District Court

☐ _____ AMENDED

PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION  Riverside
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number )
CV _____
CV _____

### INSTRUCTIONS - PLEASE READ CAREFULLY

1.  To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.  In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3.  Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.  You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.  You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.  When you have completed the form, send the original and two copies to the following address:
    Clerk of the United States District Court for the Central District of California
    United States Courthouse
    ATTN: Intake/Docket Section
    255 East Temple Street, Suite TS-134
    Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING (check appropriate number):

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue

   a. Place of detention **California Correction Institution**

   b. Place of conviction and sentence **Riverside County,CA**

2. Conviction on which the petition is based (a separate petition must be filed for each conviction being attacked).

   a. Nature of offenses involved (include all counts): **Second Degree Murder;Assault w/force to commit(GBI)**

   b. Penal or other code section or sections: **PC 187(a);PC 245(a)**

   c. Case number: **RIF1302409**

   d. Date of conviction: **2-27-2014**

   e. Date of sentence: **5-2-2014**

   f. Length of sentence on each count: **15 Years to Life**

   g. Plea (check one):

      ☒ Not guilty

      ☐ Guilty

      ☐ Nolo contendere

   h. Kind of trial (check one):

      ☒ Jury

      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?    ☒ Yes  ☐ No

   If so, give the following information for your appeal (and attach a copy of the Court of Appeal decision if available):

   a. Case number: **E073266**

   b. Grounds raised (list each):

      (1) **Wende brief**

      (2) _____

(3) _____
(4) _____
(5) _____
(6) _____

c.  Date of decision: **12-4-2019** _____

d.  Result **Denied/Affirmed Conviction** _____
    _____

4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?  ☐ Yes  ☒ No

    If so, give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available):*

    a.  Case number: _____

    b.  Grounds raised *(list each):*

        (1) _____
        (2) _____
        (3) _____
        (4) _____
        (5) _____
        (6) _____

    c.  Date of decision: _____

    d.  Result _____
        _____

5.  If you did not appeal:

    a.  State your reasons _____
        _____
        _____
        _____
        _____

    b.  Did you seek permission to file a late appeal?  ☐ Yes  ☒ No

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

    ☒ Yes  ☐ No

    If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available):*

    a.  (1) Name of court: **Riverside County Superior Court**

        (2) Case number: **RIC 2001 295**

        (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing):*  **04/20/20**

(4) Grounds raised (list each):

    (a)   Insufficient Evidence To Convict

    (b)   Ineffective Assistance of Trial Counsel

    (c)

    (d)

    (e)

    (f)

(5) Date of decision: 05/08/20

(6) Result  Denied

(7) Was an evidentiary hearing held?   ☐ Yes  ☒ No

b.  (1) Name of court: Supreme Court

    (2) Case number: S264025

    (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): 06/15,2020

    (4) Grounds raised (list each):

        (a)   Petition for Review

        (b)

        (c)

        (d)

        (e)

        (f)

    (5) Date of decision: Nov 10,2020

    (6) Result  Denied

    (7) Was an evidentiary hearing held?   ☐ Yes  ☒ No

c.  (1) Name of court:

    (2) Case number:

    (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing):

    (4) Grounds raised (list each):

        (a)

        (b)

        (c)

        (d)

        (e)

        (f)

(5) Date of decision: _____

(6) Result: _____

_____

(7) Was an evidentiary hearing held?          ☐ Yes ☐ No

7.   Did you file a petition for certiorari in the United States Supreme Court?          ☐ Yes   ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

_____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

8.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

CAUTION:     *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

   a.   Ground one: **Insufficient Evidence To Convict Petitioner Of 2nd Degree Murder which violated Petitioner's Due Process**

     (1) Supporting FACTS: **The evidence establishes that Petitioner was involved in an argument with Gilbert Gutierrez,who had just assault his friend Chikale.It appears that Mr.Ledesma,Petitioner and Gutierrez,all met up and Petitioner confronted Mr.Gutierrez about assaulting his friend when he may have shoved Mr.Ledesma.**

     (2) Did you raise this claim on direct appeal to the California Court of Appeal?          ☐ Yes   ☒ No

     (3) Did you raise this claim in a Petition for Review to the California Supreme Court?          ☐ Yes   ☒ No

     (4) Did you raise this claim in a habeas petition to the California Supreme Court?          ☒ Yes   ☐ No

   b.   Ground two: **Trial Counsel failed to compel the attendence of crucial defense witness's:also failed to obtain surveillance video evidence.**

     (1) Supporting FACTS: **Trial Counsel stated to the court that he might have a problem compelling the attendence of a crucial witness**

to actual events that occurred. The Trial Counsel failed to obtain surveillance video from different establishments that was in the area where the incident occured.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☒ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☒ Yes   ☐ No

c.   Ground three: _____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

d.   Ground four: _____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

e.   Ground five: _____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

    3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

    (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

9. If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes  ☒ No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

   a.  (1) Name of court: _____

      (2) Case number: _____

      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

      (4) Grounds raised *(list each)*:

         (a) _____

         (b) _____

         (c) _____

         (d) _____

         (e) _____

         (f) _____

      (5) Date of decision: _____

      (6) Result _____

_____

      (7) Was an evidentiary hearing held?  ☐ Yes ☐ No

   b.  (1) Name of court: _____

      (2) Case number: _____

      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

      (4) Grounds raised *(list each)*:

         (a) _____

         (b) _____

         (c) _____

         (d) _____

         (e) _____

         (f) _____

      (5) Date of decision: _____

(e) Result: _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?    ☐ Yes ☒ No

If so, give the following information (and attach a copy of the petition if available):

(1) Name of court: _____

(2) Case number: _____

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____

(4) Grounds raised (list each):

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

12. Are you presently represented by counsel?    ☐ Yes ☒ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on    10-18-21
                *Date*

_____
*Signature of Petitioner*

Date\Time: 10/11/2021 1:59:53 PM

Institution: CCI

**CDCR**

Verified: _____

**Inmate Transaction List**

| CDCR#: | AT4205 | Inmate Name: | SPRINGER, ROY | Unit: | D 00261 |
|---|---|---|---|---|---|
| Start Date: 09/01/2021 | | End Date: | 10/11/2021 | Cell-Bed: | 000066 |

| Transaction Date | Transaction Type | Source Doc# | Receipt#/Check# | Amount | Account Balance |
|---|---|---|---|---|---|
| 10/05/2021 1:32:51 PM | SALES | 51 | | $0.00 | $0.00 |
| 10/04/2021 12:09:31 PM | HEALTH RECORD COPIES | 10/4/21HRC9/23/21 | | ($0.05) | $0.00 |
| 09/07/2021 11:41:29 AM | SALES | 22 | | $0.00 | $0.05 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **INDIO** 46-200 Oasis St., Indio, CA 92201
☐ **RIVERSIDE** 4100 Main St., Riverside, CA 92501
☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563

HC001

| In the Matter of the Petition of | *FOR COURT USE ONLY* |
|---|---|
| | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>MAY 0 8 2020<br><br>**K. CHANK** |
| PETITIONER: Roy Gene Springer | |
| For Writ of Habeas Corpus | HABEAS CASE NUMBER:<br>RIC2001295<br>CRIMINAL CASE NUMBER:<br>RIF1302409 |

| Hearing Date:<br>N/A | Time:<br>N/A | Department:<br>PS1 |
|---|---|---|

### ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS - DENIAL

The Court, having read and considered the Petition for Writ of Habeas Corpus filed on __04/20/20__ , hereby **RULES** as follows:

1. ☒ The petition is denied because it fails to state a prima facie factual case supporting the petitioner's release. (Cal. Rules of Court, rule 4.551 (c).) The petition makes assertions regarding the applicable law that are contrary to established California case decisions.

2. ☒ The petition is denied because it fails to state a prima facie factual case supporting the petitioner's release. (Cal. Rules of Court, rule 4.551 (c).) While the petition states a number of factual conclusions, these broad conclusions are not backed up with specific details, and/or are not supported by the record in the case.

3. ☐ The petition is denied with prejudice because the issues were raised and considered in a prior appeal. "[I]ssues resolved on appeal will not be reconsidered on habeas corpus…" (*In re Clark* (1993) 5 Cal. 4th 750, 765.)

4. ☐ The petition is denied because it fails to raise any new issue that has not previously been addressed in an earlier writ petition. (*In re Clark* (1993) 5 Cal. 4th 750, 767.)

5. ☐ The petition is denied because the issues could have been raised in an appeal but were not and no excuse for failing to do so has been demonstrated. (*In re Clark* (1993) 5 Cal. 4th 750, 765.)

6. ☐ The petition is denied because the petitioner unreasonably delayed filing the petition after the facts occurred that allegedly justifies relief, and he or she has failed to adequately explain the reason for the delay. A petitioner must justify any substantial delay in presenting a claim by, inter alia, stating when he or she became aware of the legal and factual bases for his or her claims and explaining the reason for any delay since that time. (*In re Clark* (1993) 5 Cal. 4th 750, 783, 786-787.)

7. ☐ The petition is denied without prejudice because the petitioner has brought prior petitions arising from the same detention or restraint and fails to describe the nature and disposition of the claims made in the prior petitions. (Pen. Code § 1475.)

8. ☐ The petition is denied without prejudice because the petitioner is represented by counsel.

9. ☐ The petition is denied because the petition fails to establish that the petitioner has exhausted available administrative remedies. (*In re Muszalski* (1975) 52 Cal. App. 3d 500.)

Approved for Optional Use
Riverside Superior Court
HC001 [Rev. 06/13/16]

**ORDER RE: PETITION FOR WRIT OF
HABEAS CORPUS - DENIAL**

Page 1 of 2
riverside.courts.ca.gov/localforms/localforms.shtml

| PETITIONER: | CASE NUMBER: |
|---|---|
| Roy Gene Springer | RIC2001295 |

10. ☐ The petition is denied as moot due to changed conditions: _____

11. ☐ The petition is denied because it is incomplete, unintelligible, and/or unclear.

12. ☐ The petition is denied without prejudice because it is not made on Judicial Council form HC-001, and there is no showing of good cause for failing to do so. (Cal. Rules of Court, rule 4.551 (a)(1)&(2).)

13. ☐ No order to show cause having been issued, the request for appointment of counsel is denied. (Cal. Rules of Court, rule 4.551 (c)(2).)

14. ☒ Other:

Please see attached.

IT IS SO ORDERED.

Date: _____5/8/20_____

_____Judge Kira L. Klatchko_____
(JUDGE OF THE SUPERIOR COURT)

_____(SIGNATURE)_____

Approved for Optional Use
Riverside Superior Court
HC001 [Rev. 05/02/19]

**ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS - DENIAL**

Page 2 of 2
riverside.courts.ca.gov/localfrms/localfrms.shtml

(4)

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF RIVERSIDE

| | |
|---|---|
| In the Matter of | Habeas Case Number: RIC2001295 |
| Roy Gene Springer | Criminal Case Number: RIF1302409 |
| On Habeas Corpus. | Attachment to Denial Order |

Having read and considered the Petition for Writ of Habeas Corpus filed on April 20, 2020, the Court now rules as follows:

Petitioner claims that there was insufficient evidence presented at trial to support his conviction for murder. This claim is not cognizable on habeas. (*In re Reno* (2012) 55 Cal.4th 428, 452 ("Claims alleging the evidence was insufficient to convict . . . are not cognizable on habeas corpus."); *Ex parte Lindley* (1947) 29 Cal.2d 709, 723 ["Upon habeas corpus, ordinarily it is not competent to retry issues of fact or the merits of a defense, . . . and the sufficiency of the evidence to warrant the conviction of the petitioner is not a proper issue for consideration."].) Sufficiency and weight of the evidence are issues for the trial court. (See *People v. Farris* (1977) 66 Cal. App.3d 376, 383). Claims regarding evidentiary insufficiency must be raised in either a motion for a new trial, on appeal, or both. Here, Petitioner did not raise the issue on appeal from his conviction (E061168), or on appeal from denial of his petition for resentencing under Penal Code section 1170.95 (E073266). Petitioner merely asks this Court to reconsider and reweigh the evidence below. That is not an appropriate basis upon which to grant habeas relief.

Petitioner also claims that his trial counsel provided ineffective assistance by failing to compel the attendance at trial of crucial witnesses and failing to recover surveillance videos that showed alternate views of the assault on the victim. To prevail on a claim of ineffective assistance of counsel, a criminal defendant "must show that counsel's representation fell below an objective standard of reasonableness" measured against "prevailing professional norms," and that prejudice resulted. (*Strickland v. Washington* (1984) 466 U.S. 687-688, 694

-1-

(5)
end.

1  ( *Strickland*"); *In re Cordero* (1988) 46 Cal.3d 161, 180 ("*Cordero*").) A court must

2  presume "that counsel's conduct falls within the wide range of reasonable

3  professional assistance.'" (*In re Champion* (2014) 58 Cal.4th 965, 1004, *quoting*

4  *Strickland*, *supra*, 466 U.S. at p. 689.) Prejudice generally requires an affirmative

5  showing that, absent counsel's alleged errors, there is a reasonable probability of a

6  more favorable outcome. (*Cordero*, *supra*, 46 Cal.3d at p. 180.) A "reasonable

7  probability" is not a showing that "counsel's conduct more likely than not altered

8  the outcome in the case," but simply "a probability sufficient to undermine

9  confidence in the outcome." (*Strickland*, *supra*, 466 U.S. at pp. 693-694.) "An error

10  by counsel, even if professionally unreasonable, does not warrant setting aside the

11  judgment of a criminal proceeding if the error had no effect on the judgment." (*Id.* at

12  p. 691.)

13      Petitioner has failed to put forward any facts or law suggesting that counsel's

14  representation fell below prevailing professional norms, and has not explained how

15  cumulative witnesses or video, if proffered, would more likely than not altered the

16  outcome of the case. (*In re Cox* (2003) 30 Cal. 4th 974.) Petitioner has not put

17  forward a prima facie case for habeas relief.

18

19  The petition is DENIED.

20

21

22  Date: 5/8/20

23                                    Judge Kira L. Klatchko
                                      Riverside Superior Court
24

25

26

27

28

29

30

## COURT OF APPEAL -- STATE OF CALIFORNIA
### FOURTH DISTRICT
### DIVISION TWO

## **ORDER**

THE PEOPLE,
    Plaintiff and Respondent,

  v.

ROY GENE SPRINGER,
    Defendant and Appellant.

E073266

(Super.Ct.No. RIF1302409)

The County of Riverside

THE COURT

    The court has considered appellant's request filed September 19, 2019, for judicial notice.   The request for judicial notice is GRANTED, and this court TAKES JUDICIAL NOTICE of its unpublished opinion in case No. E061168, a copy of which is attached to the request for judicial notice.

                                              RAMIREZ
                                 Presiding Justice

cc:   See attached list

Court of Appeal, Fourth Appellate District, Division Two
Kevin J. Lane, Clerk/Executive Officer
Electronically FILED on 6/30/2020 by R. Hudy, Deputy Clerk

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

Recieved on 7-6-20
               1-6-20          ORDER

In re ROY GENE SPRINGER                    E075252

    on Habeas Corpus.                      (Super.Ct.Nos. RIC2001295 &
                                            RIF1302409)

                                           The County of Riverside

_____

THE COURT

    The petition for writ of habeas corpus is DENIED.

                                           SLOUGH_____
                                                          Acting P. J.

Panel: Slough
       Codrington
       Fields

cc:    See attached list

SUPREME COURT
FILED

NOV 1 0 2020

Jorge Navarrete Clerk

Deputy

S264025

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re ROY GENE SPRINGER on Habeas Corpus.

---

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780 [courts will not entertain habeas corpus claims that are untimely].) Individual claims are denied, as applicable: (See *People v. Duvall* (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; *In re Dixon* (1953) 41 Cal.2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal]; *In re Lindley* (1947) 29 Cal.2d 709, 723 [courts will not entertain habeas corpus claims that attack the sufficiency of the evidence].)

CANTIL-SAKAUYE
*Chief Justice*

STATE OF CALIFORNIA - DEPARTMENT OF CORRECTIONS AND REHABILITATION                    GAVIN NEWSOM, GOVERNOR

**BOARD OF PAROLE HEARINGS**
P.O. BOX 4036
SACRAMENTO, CA 95812-4036



August 20, 2021


SPRINGER, ROY GENE #AT4205
D 00251000071L
CCI-D


Roy Gene Springer:

This is in response to your August 18, 2021 letter, received by the Board of Parole Hearings (Board) on August 18, 2021.

The questions you pose should be discussed with your attorney or directed to the court that sentenced you. The Board is not permitted to give legal advice or analysis and we do not have jurisdiction over your sentencing.

If you are disputing your legal status, please direct your inquiry to the Case Records Office at your institution.

You are tentatively due for your initial parole consideration proceeding in November 20, 2024. Your institution will notify you when the proceeding has been scheduled.

Sincerely,

CORRESPONDENCE UNIT
Board of Parole Hearings

Name: Roy Gene Springer                                                    HC-001

Address:  C.C.I. Tehachapi
          D-5-71-LOW
          PO. BOX 608
          Tehachapi CA 93581


CDC or ID Number: AT4205

_____

_____

_____
                        (Court)

| Roy Gene Springer | PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner | |
| vs. | No. _____ |
| W.J. Sullivan-Warden | (To be supplied by the Clerk of the Court) |
| Respondent | |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2018). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
HC-001 [Rev. January 1, 2018]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code § 1473 et seq.
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

2

This petition concerns:

HC-001

[X] A conviction      [ ] Parole

[ ] A sentence      [ ] Credits

[ ] Jail or prison conditions      [ ] Prison discipline

[ ] Other *(specify)*: _____

1. Your name: __Roy Gene Springer__

2. Where are you incarcerated? __California Correctional Institution__

3. Why are you in custody? [X] Criminal conviction    [ ] Civil commitment

*Answer items a through i to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
     __Second Degree Murder;Assault w/force to commit(GBI)__

   b. Penal or other code sections: __PC 187(a);PC 245(a)__

   c. Name and location of sentencing or committing court:
     __Riverside County Superior Court 4050 Main Street Riverside CA 92501-3626__

   d. Case number: __RIF1302409__

   e. Date convicted or committed: __2-27-14__

   f. Date sentenced: __5-2-14__

   g. Length of sentence: __15 Years to LIFE__

   h. When do you expect to be released? __Unknown At Present Time__

   i. Were you represented by counsel in the trial court? [X] Yes   [ ] No   *If yes, state the attorney's name and address:*
     __The Law Offices Of Earl Carter By: Sean Davitt 4333 Orange St. Suite# 102 Riverside CA 92501__

4. What was the LAST plea you entered? *(Check one)*:

[X] Not guilty   [ ] Guilty   [ ] Nolo contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

[X] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

GROUNDS FOR RELIEF                                                    HC-001

Ground 1. State briefly the ground on which you base your claim for relief. For example: (The trial court imposed an illegal enhancement.) (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)

Petitioner Alleges That There Was Insufficient Evidence To Convict Him Of 2nd Degree Murder Which Violates Petitioner's State And Federal Constitutional Rights To Due Process Of Law.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, who did exactly what to violate your rights at what time (when) or place (where).

On June 19, Petitioner, was arrested after an arrest warrant was issued on June 19, for the murder of Jose Ledesma. The facts surrounding Ledesma death as reported by the medical examiner was blunt force trama. The evidence establishes that Petitioner was involved in an argument with Gilbert Gutierrez who had just assault his friend Chikale. It appears that Mr. Ledesma, Petitioner and Gilbert Gutierrez, all met up at the intersection of Iris and Perris Boulevard, when Petitioner confronted Mr. Gutierrez about knocking his friends tooth out. During the confrontation between Petitioner and Mr. Gutierrez, Petitioner can see Mr. Ledesma from the corner of his eyes, sinsing a possible threat from Mr. Ledesma, Petitioner may have shoved Mr. Ledesma to the ground but never beat or kicked Mr. Ledesma in the head while he was on the ground. There is no substantial evidence to support a conviction of 1st or 2nd degree murder. Petitioner maintains there was insufficient evidence of any murder.

b. Supporting documents:

Attach declarations, relevant records, transcripts, or other documents supporting your claim. (See People v. Duvall (1995) 9 Cal. 4th 464, 474.)

Petitioner has attached portions of the reporters transcript vol.(2) pp. 258,263 266-267,271.     [ please se exhibit A]

c. Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

Jackson v Virginia (1979) 443 U.S. 307, at 319;In re winship 397 U.S. 358, at 364

4

7. Ground 2 or Ground _____ (if applicable):                                   HC-001

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL: Trial counsel failed to compel the attendence
of a crucial defense witness who actually witnessed the beating and kicking of Jose
Ledesma, counsel further failed to recover the surveillance vedio from the Shell
Gas Station and K.F.C. establishment's that show the actual confrontation between Jose
Ledesma, Gilbert Gutierrez, and Petitioner.

a. Supporting facts:

Petitioner, Roy Gene Springer, alleges that he received ineffective of counsel at
trial that resualted in prejudice. and Petitioner states and alleges as follows:
On February 5, 2014, trial counsel Sean Davitt, informed the court that he might
have a problem compelling the attendance of a crucial eye witness to the actual
events that occurred on 5-4-2013. The witness, Daisy Fuentes, was working at the
Pizza Hut located on the very corner where the incident occurred and where the only
surveillance vedio was admatted. Trial counsel told the court that he wasn't all
that interested in having the court issue a warrant to compel the attendance of miss
Fuentes.(2RT. 234), Because it would the trial.(2RT 243). Furthermore the Shell Gas
Station thats west of the Pizza Hut (BUS STOP) and the K.F.C., Just south and direc-
tly across the street from the Pizza Hut Bus Stop have an unobstructed view of the
area where Jose Ledesma was being kicked in the head that resualted in his death.
Trial counsel's failure to have the court compel the attendence of Daisy Fuentes
who may have been the only other eye witness to the actual events that occurred
on May 4, 2013, at 5:45 P.M., Near the corner of Iris and Perris Blvd, was ineffec-
tive assistance of counsel, resualting in Prejudice to Petitioner and a wrongful
conviction of 2nd degree murder. Petitioner is requesting that an evidentiary
hearing be heald to determine why counsel failed to compel the attendence of a very
important defense witness and why he faild to request the surveillance vedio from
the Shell Gas Station and the K.F.C. establishments.

b. Supporting documents:

Petitioner has attached Portions of the reporters transcript volume (2) p.234.
    [ please see exhibit B ]

c. Supporting cases, rules, or other authority:
STRICKLAND V WASHINGTON 466 U.S. 668,687-694.

HC-001

8. Did you appeal from the conviction, sentence, or commitment? [X] Yes [ ] No    If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court):

   California Court Of Appeal 4th Appellate Dist. Div. 2

   b. Result: Superior Court Conviction Affirmed    c. Date of decision: 12-4-19

   d. Case number or citation of opinion, if known:    E073266

   e. Issues raised: (1)    Appellate Counsel Filed Brief's under People v Wende(1979) And

   (2)    Anders v California.

   (3)

   f. Were you represented by counsel on appeal? [X] Yes [ ] No    If yes, state the attorney's name and address if known:
   Siri Shetty, Staff Attorney For Appellate Defenders, INC,555 West Beach St.
   San Diego CA 92101

9. Did you seek review in the California Supreme Court? [ ] Yes [X] No    If yes, give the following information:

   a. Result:    NA    b. Date of decision:    NA

   c. Case number or citation of opinion, if known:    NA

   d. Issues raised: (1)    NA

   (2)

   (3)

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on
    appeal, explain why the claim was not made on appeal (see *In re Dixon* (1953) 41 Cal.2d 756, 759):
    There are three issues that should have been raised on appeal But counsel filed
    a Wende Brief instead resulting in (IAC) appellate counsel

11. Administrative review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust
    administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Dexter* (1979) 25
    Cal.3d 921, 925.) Explain what administrative review you sought or explain why you did not seek such review:
    NA

    b. Did you seek the highest level of administrative review available? [ ] Yes [ ] No   NA
    *Attach documents that show you have exhausted your administrative remedies. (See People v. Duvall* (1995) 9 Cal.4th 464,
    474.)

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or
    issue in any court, including this court? (See *In re Clark* (1993) 5 Cal.4th 750, 767-769 and *In re Miller* (1941) 17 Cal.2d 734, 735.)
    [ ] Yes    If yes, continue with number 13.    [X] No    If no, skip to number 15.

13. a. (1) Name of court: _____ NA _____

(2) Nature of proceeding (for example, "habeas corpus petition"): _____

(3) Issues raised: (a) _____ NA _____

(b) _____

(4) Result (attach order or explain why unavailable): _____

(5) Date of decision: _____ NA _____

b. (1) Name of court: _____

(2) Nature of proceeding: _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (attach order or explain why unavailable): _____

(5) Date of decision: _____

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)
There is no delay in the filing of this petition

_____

16. Are you presently represented by counsel?  ☐ Yes  ☒ No    If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes  ☒ No    If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
After filing A Wende Brief, appellate counsel sent me this form and said
that I should file it in the CA Supreme Court

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _____          ▶          _____
(SIGNATURE OF PETITIONER)

1  Roy Gene Springer-AT4205

2  C.C.I. Tehachapi State Prison

3  D-5-71-Low

4  P.O. Box 608

5  Tehachapi CA 93581

6

7                 IN THE RIVERSIDE COUNTY SUPERIOR COURT

8

9  Roy Gene Springer                )          Superior Ct.#RIF1302409

10      Petitioner                  )          PETITION FOR WRIT OF HABEAS CORPUS

11      v                           )          AND MEMORANDUM OF POINTS AND

12  W.J. Sullivan-Warden            )          AUTHORITIES IN SUPPORT THEREOF

13      Respondent                  )

14  ─────────────────────────────

15

16                          INTRODUCTION

17

13      Comes now Petitioner, Roy Gene Springer, Petitioning the Honorable

19  Justice of this court for a writ of habeas corpus. The writ should issue

20  and Petitioner states and alleges as follows.

21      On 6-18-2013, a warrant was issued for Petitioner's arrest for the

22  alleged murder of Jose Ledesma, On the next day 6-19-2013, Petitioner was

23  arrested on the murder warrant and was booked into RPDC.

24

25                        STATEMENT OF FACTS

26

27      On May 4, 2013, at approximately 5:45 P.M., Riverside Co. Deputy

COURT PAPER
STATE OF CALIFORNIA
STD. 113 REV. 3-95

                              1.

8

1  Sherriff's were dispatched to the corner of Iris and Perris Blvd., In the
2  City of Moreno Valley, County of Riverside, in reference to a fight. When
3  Deputies arrived on sene they found the victim Jose Ledesma, unconsious and
4  unresponsive, but breathing. Mr. Ledesma was transported to Riverside Co.
5  Regional Medical Center, By American Medical Response, who also treated him
6  on the sene. Mr. Ledesma was in and out of consiousness and ultimately died
7  as a result of blunt force trama that had allegedly occurred at the sene,
8  which lead to Petitioner's arrest. Petitioner was ultimately charged and
9  convicted  of 2nd murder for the death of Jose Ledesma.

10

11                              CONTENTIONS

12

13      Petitioner contends that the evidence used at his trial against him
14  was insufficient to sustain the conviction of 2nd degree murder. The evi-
15  dence showed that Petitioner had an altercation with an individual other
16  than the victim, Petitioner however does admitt that he may have hit or
17  shoved the victim while confronting Gilbert Gutierrez who was the focus of
18  Petitioners attention. witnesses at trial discribed to the police who re-
19  sponded to the sene that the man on the ground was being beaten and kicked
20  by a man who was wearing black pants, black boots and a dark colored shirt
21  (2RT. 258,266-267,271). Both the Prosecution and defense witnesses discribe
22  one man was acting as if he was protecting the unconsious man on the ground
23  (2RT. 263), Vedio evidence evidence clearly shows that Petitioner was not
24  wearing black pants or black boots but blue jeans and a light colored shirt.
25      And finally and most importantly you can clearly see in the pizza hut
26  vedio that it is Petitioner who is Protecting the victim from GILBERT GUTI-
27  ERREZ who is wearing black pants and boots by pushing him down the street.

COURT PAPER
STATE OF CALIFORNIA
STD 113 REV 3-95

9

## MEMORANDUM OF POINTS AND AUTHORITIES
### GROUND ONE.

In order to make a claim of insufficiency of the evidence for conviction at trial, Petitioner must state with particularity the issues on which his insufficiency of the evidence claim rest. The Due Process Clause of both State and Federal Constitutions (7th & 15th State)(5th & 14th Federal), requires that evidence at trial used to convict a criminal defendent must be reasonable, credible and of solid value such that a reasonable juror/trier of fact could have found all the essential elements of the charged crime by proof beyond a reasonable doubt. Jackson v Virginia (1979) 443 U.S. 307, at 319; See also In re Winship 397 U.S. 358 at 364.

In the present Case vedio surveillance clearly show that its Petition -er who is pushing Gilbert Gutierrez away from Ledesma as the witness Avry Howes discribes.(2RT. 258,263 266-267,271), and not the other way around as discribed by the Prosecution's witness Pricilla Tunzi, aand her uncle. (1RT. 47,84). There can be no dispute about the evidence, and Gilbert Gutierrez himself admitts that he was using his foot while wearing black boots to get Ledesma to "GET UP" (Prelim Transcript pp.38-40).

The jury convicted Petitioner of 2nd murder, based on the undisputed vedio surveillance and Gilbert Gutierrez own words, he is the actual killer of Jose Ledesma, and Petitioner maintains that the evidence used against him at trial was constitutionally insufficient to sustain his conviction of 2nd degree murder. Jackson supra, 443 U.S. at 319; In re Winship at 364.

### GROUND TWO.

Petitioner Roy Gene Springer, alleges that he received ineffective

COURT PAPER
STATE OF CALIFORNIA
STD. 113 REV 3-95

1  assistance of counsel at trial. Petitioner Roy Gene Springer was on trial

2  for a GBI. assualt that resulted in the death of Jose Ledesma. The River-

3  side County District Attorney, charged Petitioner with 2nd degree murder.

4      In order to establish a claim of ineffective assistance of counsel a

5  criminal defendent must show two things, first Petitioner must show that

6  counsel's performance fell below an objectable standard of reasonableness,

7  and second Petitioner must show that counsel's deficient performance re-

8  sulted in Prejudice, meaning that but for counsel's unprofessional error's

9  the result in the proceedings might have different. Strickland v Washington

10  466 U.S. 668 at 687,694. In the present case a Riverside County Jury found

11  Petitioner guilty of the 2nd degree murder based on the testimony of a 17

12  year old witness and her uncle.(1RT. 62,65,67,70,84.) And counsel failed to

13  call an actual eye witness to the event which resulted in the death of Jose

14  Ledesma. furthermore there was at least two other surveillance vedio cam-

15  era's that would have given the jurors a much better picture of the location

16  where the incident occurred. It is unthinkable that an experence defense

17  attorney would not have secuerd the attendence of the only witness who

18  was actually present and only a few yards away from the events that occurr-

19  ed on May 4,2013, which led to the death of Mr. Ledesma. Had counsel tried

20  to secure the witness herself [Daisy Fuentes] or at the very least a sworn

21  statement from her there was a reasonable probability that the out come at

22  Petitioner's trial might different. Strickland v Washington supra at 694.

23      The 6th Amendment to the U.S. Constitution Guarantee's a criminal

24  defendent not      just the right to counsel but the right to effective

25  assistance of counsel U.S. Constitution Sixth Amendent.

26      Petitioner was prejudiced and convicted of a crime based on his attor-

27  ney's failure to present a complete defense which at the very least was

COURT PAPER
TATE OF CALIFORNIA
TD 113 PEV 3-95

1  enough to show reasonable doubt to the jury. And counsel's further failure

2  to investigate the imeadiate area and locate the surveillance camera's

3  in direct line with the bus stop in front of the Pizza Hut, was deficient

4  performance under Strickland,supra.

5    Petitioner alleges that he has satisfide both prongs of the Strickland

6  test, and maintains that he received ineffective assistance of counsel

7  at trial,ie. BUT FOR COUNSEL'S UNPROFESSIONAL ERROR'S THE RESULT IN THE PRO-

8  CEEDING'S MIGHT HAVE DIFFERENT. Strickland v Washington,supra 466 U.S. at

9  687,688,694.

10

11                              CONCLUSION

12

13    Based on the above undisputed alleged facts Petitioner respectfully ask

14  the Honorable Justice of the Court to issue a writ of habeas corpus.

15

16                              DECLARATION

17

18    Petitioner Roy Gene Springer, declare,state,certify, and verify that the

19  above statements are true and correct and that this petition for writ of

20  habeas corpus was executed at Tehachapi State Prison in Tehachapi CA.

21

22

23    DATED:_____

24                              Respectfully Submitted

25                              _____

26                              Petitioner-Appellant-In Pro Per !

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 REV. 3-95

23

1              RIVERSIDE, CALIFORNIA; FEBRUARY 5, 2014

2              (Outside of the presence of the jury:)

3         THE COURT:  On the record.  Counsel are present,

4    Mr. Springer is as well, outside the presence of the jury.

5         MR. DAVITT:  Thank you, Judge.  I have a few matters to

6    talk about.

7         THE COURT:  Okay.

8         MR. DAVITT:  I have some issues.  The first of which is

9    scheduling.

10             I expected to call potentially three witnesses this

11   morning.  It looks like one of the gals, Daisy Fuentes, that I

12   sup'd last night may or may not make it.  And I'm not right at

13   this moment all that interested in having the Court issue a

14   bench warrant and then delaying the case.  So we'll just see how

15   that plays out.

16        THE COURT:  Okay.

17        MR. DAVITT:  But she was set for 9 this morning.  And I

18   spoke to her last night.  She said something about a work issue,

19   but she may be here.

20             But my first witness is here, Avry Howes.  But if I

21   only get Avry, and no one else shows, we're probably in and out

22   of my case in less than an hour and a half.  And I'm not

23   putting --

24        THE COURT:  When you say your case, you're going to

25   rest?

26        MR. DAVITT:  Then I would rest.

27        THE COURT:  With just one witness, not the doctor?

28        MR. DAVITT:  No, not the doctor.

24

1    went through the back side, and then we parked.

2            And then at that time, the tall guy, the Indian guy

3    with the long hair had his shirt off, and he was pushing the

4    other guy telling him to, like, leave him alone, like, back off.

5        Q    The tall guy you were talking about, the sort of Indian

6    looking guy, does the fellow here at the end of counsel table

7    look like him?

8        A    Yes, that's him.

9        Q    That's him?

10       A    Uh-huh.

11       Q    See that "uh-huh"?

12       A    Yes.  Sorry.

13       Q    That would be a "yes"?

14       A    Yes.  Sorry.

15       Q    All right.  So we have a picture of the center I

16   believe.  Can you see that picture up there?

17       A    Yeah.

18       Q    I apologize.  We previously marked this for

19   identification as, for the record, as People's 3.  I'm putting

20   that up on the Elmo.  And you say that you have a pretty good

21   look at that?  Yes?

22       A    Is that the gas station (indicating)?

23       Q    Well, that's what I want to talk to you about.  The way

24   this works is I'm going to ask you some questions, and you tell

25   me what you know and what you don't know.

26       A    Okay -- oh, sorry.  Yeah, I know where this is.  Now,

27   okay, I haven't seen it from this view before, sorry.

28       Q    All right.  Well, I will tell you that this picture

25

1    A    Yes.

2    Q    Describe that to us.

3    A    What I saw, I think he got up on the bench.  I just

4  remember he was taller than the guy, and he punched him, and I

5  turned and I saw him punch him, and then he fell on the ground.

6    Q    Okay.

7    A    And then I looked at my friend Carmen, and I'm, like,

8  "Did you see that?"  And, you know, so we turned and we went

9  around back here (indicating), and then this is where we parked

10  right here (indicating).  And we stood there for a while

11  (indicating).

12    Q    How long --

13    A    And --

14    Q    How long do you think it took you to get from the

15  driveway there where you saw the victim get punched and fall

16  down, to get around that whole center and parked over in the

17  back driveway there?

18    A    Like, five minutes, four, I -- I don't know.  There was

19  traffic, and, like, people walking across and stuff.

20    Q    Okay.  When you noticed these two individuals, the one

21  guy pushing the other one, did you notice anybody else around?

22    A    Yeah.  There was people around.

23    Q    Did you notice this gentleman?

24    A    Yes.

25    Q    With the long hair (indicating)?

26    A    He was the one pushing the other guy telling him, like,

27  to back off.  That was by -- that was when I was parked here now

28  at that time.

*over →*

*26*

1     Q    But you can see the whole driveway?

2     A    Yeah.  That's where the other guy started walking off

3   after he was pushing him to back off.

4     Q    That's what I want to ask you about.

5         MR. ALLEN:  Objection.  Vague as to "he."

6         THE COURT:  Please elaborate.

7         MR. DAVITT:  Yes.

8     Q    (By Mr. Davitt)  When you said, "he," you pointed at

9   Mr. -- well, you pointed at this gentleman sitting at the end of

10   the table; right?

11     A    Yes.

12     Q    You don't know his name?

13     A    No.

14     Q    You never met him?

15     A    No.

16     Q    Had you ever seen him before this day?

17     A    Yes.

18     Q    You've seen him around the center?

19     A    On the scene I saw him, but not until now I saw him

20   again.

21     Q    Okay, all right.  So tell me exactly what you saw after

22   the Toyota pulled up at the -- in that back parking driveway.

23     A    He --

24     Q    "He" meaning this gentleman with the long hair and the

25   suit at the end of the table?

26     A    Yes, yes.

27     Q    Okay.

28     A    -- was pushing the guy that I think punched the guy,

27

1   the victim that was on the ground.

2       Q    And he was pushing him down the street?

3       A    Yeah.  And he was telling him to, like, "Back off,"

4   like, "Leave him alone."

5       Q    Could you hear them talking?

6       A    Yeah.  My window was down by that time.

7       Q    What did they say?

8       A    He was pushing him, and the guy -- he was pushing him

9   (indicating), and he was saying, like, "Back off, leave him

10  alone."

11          And then the guy was, like, like stumbling backwards.

12  And I think he had a beer in his hand, and then he, like, like,

13  downed it, and then threw it at the ground.

14          MR. ALLEN:  Your Honor, I'm going to object to vague

15  again.  Too many pronouns and not enough explanation of who was

16  who.

17          THE COURT:  Okay.  Why don't you assist the witness in

18  discerning the difference in the "he's" as to who we're talking

19  about.

20      Q    (By Mr. Davitt)  When you're talking about "he," the

21  person doing the pushing, who are you referring to?

22      A    That man right there (indicating).

23      Q    This man's name, you don't know his name?

24      A    (Witness shook head.)

25      Q    I'll tell you his name is Roy Springer.

26      A    Okay.

27      Q    So now that you know his name, was it Mr. Springer who

28  was doing the pushing, pushing a guy down the sidewalk?

*end.*

*28*

1    Mr. Springer that punched the victim?

2        A    No, I didn't say that.

3        Q    You knew that it was -- or told the police it was

4    someone else?

5        A    Yes.

6        Q    And you identified Mr. Springer --

7            MR. ALLEN:  Objection.  Leading.

8            THE COURT:  Sustained.

9            MR. DAVITT:  Yeah.

10       Q    (By Mr. Davitt)  Did you identify Mr. Springer in the

11   interview with the detective as being somebody who was trying to

12   help out?

13       A    Yes.

14       Q    Do you remember what terms you used with the detective

15   in describing the three people, the person who punched, the

16   person who fell, and Mr. Springer?

17       A    No.  I do not remember what I said at that time.

18       Q    Would the term "aggressor" refresh your recollection?

19       A    Yes.

20       Q    Do you remember saying that one of the people seemed to

21   be the aggressor to you?

22       A    Yes.

23       Q    And the ponytail guy, that was Mr. Springer?

24       A    Yes.

25       Q    The aggressor was somebody else?

26       A    Yes.

27       Q    Not Mr. Springer?

28       A    Yes.

california correctional institution
Roy SPRINGER # A T 4205
D-6-66ᴸ P.O. BOX 608
Tehachapi, CA 93581

U.S POSTAGE ⑅ PITNEY BOWES

$ 002.36°

OCT 18 2021

X-RAY

CSO ROYPᵃⁱ

united States courThouse
ATTN: INTake/DockeT Section
255 EasT Temple STreet, suite TS -134
Los Angeles, california 90012

OCT 2 0 2021

a√

LEGAL MAIL

